to require the submission of that question to the jury, and it was error to dismiss the complaint.

The judgment, accordingly, must be reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur; PATTERSON, J., in result.

---

(27 Misc. Rep. 42.)

AMERICAN CHURCH MISSIONARY SOC. v. GRISWOLD COLLEGE et al.

(Supreme Court, Special Term, New York County.   March, 1899.)

1. TRUSTS—BREACH OF CONDITIONS—RECONVEYANCE TO DONOR.

A donor created a trust for the establishment of a theological professorship in a college, which, in accepting the trust, agreed to maintain such a school.   The trustee under the trust provided a professor, but the college for over 10 years failed to provide the theological school, nor was it the expectation of the officers to ever maintain such a school.   *Held*, that there was a voluntary surrender of the benefits under the trust; hence the corpus of the fund and accumulations should be returned to the donor.

2. SAME.

The professor named by the trustee was not entitled to receive any income from the fund, since he never served as such.

Action by the American Church Missionary Society against Griswold College and others for the construction of a trust fund. Judgment directing the trustee to return to the donor the corpus of the fund and accumulations.

Swayne & Swayne, for plaintiff.
Livingston & Livingston, for defendant.

KELLOGG, J.   In 1865 the defendant Louisa Dean delivered to the plaintiff in trust $10,000 upon certain conditions, and for a specific use.   The trustee accepted the trust, and the defendant Griswold College accepted and agreed to the conditions.   The plaintiff now brings this action, alleging, in substance, that defendant Griswold College, sole beneficiary,—at the time the trust was created a seminary of learning in Davenport, Iowa,—has neglected and refused to perform the conditions of the trust, and asks the direction of this court as to the trust fund and the accumulated interest.   Defendant Louisa Dean admits the allegations of plaintiff as to neglect and refusal on the part of the beneficiary, Griswold College, and asks that the trust be declared at an end, and the trust fund be restored to her, as donor.   Griswold College denies the neglect and refusal to perform the conditions, and asks that the trust be continued as originally created.   The executors of Bishop Perry ask that the income from January, 1876, to date of his decease, in 1898, be paid to them, as holding the professorship for that term.

The evidence is so far undisputed that the facts are not difficult to find.   It is plain that when this trust was created the donor of the trust fund had a definite purpose in mind, to wit, the creation of a theological professorship, to be known as "The Anthon Professorship of Systematic Divinity," in Griswold College, and to

have this continuous and perpetual, as a live branch in a theolog-
ical school. The acceptance of Griswold College placed that in-
stitution in the attitude of agreeing to create and maintain such
a school and such a professorship in good faith, and effectuate the
purpose of the donor of the trust. The trustee (plaintiff herein)
had the duty and power of naming the incumbent of the chair in
this professorship. The trustee has continuously performed on
its part, and provided a professor; but the defendant Griswold
College for the past 10 years. and over has failed and refused to
provide the theological school, or to maintain any seminary of
learning in which there was a theological department.. For many
years past no school or seminary of learning has been maintained,
other than a preparatory school for girls, and the college buildings
are used for other purposes. In short, the. college, as such, is
moribund, and there exists no expectation or intention upon the
part of its officers to maintain in the future any other than a
preparatory school for girls. There does not exist now, nor has
there existed for years, in this institution, any school of theology
or any theological department, nor any branch known as "The
Anthon Professorship of Systematic Divinity," nor is it the expec-
tation or intention of the officers of the institution to ever revive
or maintain either in the future. This is the plain conclusion from
the evidence. The evidence is given for the most part by officers
of this institution, and with the evident bearing towards a reten-
tion of the income from this trust fund, and we may reasonably
look from them to get all the facts which tell most favorably to·
that end. If there existed any remote expectation or intention
pointing to the revival of these departments, it would undoubtedly
have been mentioned. I think this neglect and abandonment on
the part of defendant Griswold College, so long continued, must
be interpreted as a refusal to longer comply with the conditions.
of the trust, and that this must operate· as a voluntary surrender
of all benefits under it. It does not appear that the named profess-
or, William Stevens Perry, has for the past 10 years been such,.
except in name. He has never served as a professor, and though
he has been the uncomplaining recipient continuously of the in- .
come .of this fund, up to January 1, 1896, through the grace of the·
trustee, no legal or equitable grounds are here presented for any
further claim.

From the conclusion to which all the facts point, and following·
the principle declared in Associate Alumni v. General Theological
Seminary, 26 App. Div. 152, 49 N. Y. Supp. 745, there seems to be· .
no escape. The trustee should be directed to turn over to Louisa ,
Dean, the donor of the fund, both the corpus of the fund and the·
accumulations, and judgment is so·directed. Prepare decision and.
judgment accordingly, and settle on notice. Ordered accordingly..