BRUCE  v.  GOODBAR.

(*Jackson*, May 29, 1900.)

1. WILL. *Confers power of disposition.*

The devisees named as first takers have the power to convey real estate, and make perfect title thereto, cutting off all future and contingent interests, under a clause in a will devising all of testator's property "to my [his] beloved wife, America J. Bruce, and to our [their] children, and to Alice B. Holst, to be divided among them equally, share and share alike. The portion of any one of them dying without child or children shall go to and be equally divided among the survivors." The deed of the devisees named passes, unless a contrary intent appears, not only their present title, but any they may acquire upon the happening of any contingency provided for in the will. The grantee steps into their shoes, taking their chances for future interests as well as their present estate. (*Post, pp. 640–643.*)

Code construed: § 3672 (S.); § 2812 (M. & V.); § 2006 (T. & S.).

Cases cited: Daly *v.* Willis, 5 Lea, 104; Garner *v.* Dowling, 11 Heis., 48; Fitzgerald *v.* Vestal, 4 Sneed, 258; Steele *v.* Frierson, 85 Tenn., 430.

2. SAME. *Same.*

Although the devisee under such clause may be a married woman, her deed, duly executed, passes or estops her to claim any interest in the property that may be thereafter cast upon her by the happening of the contingency provided for. (*Post, pp. 644, 645.*)

Cases cited: Birdwell *v.* Cain, 1 Cold., 303; Susong *v.* Williams, 1 Heis., 630; Coal Creek Co. *v.* Ross, 12 Lea, 1; Woods *v.* Bonner, 89 Tenn., 411; Henderson *v.* Overton, 2 Yer., 394; Galbraith *v.* Lunsford, 87 Tenn., 89; Howell *v.* Hale, 5 Lea, 405; Cooley *v.* Steele, 2 Head, 606; Pilcher *v.* Smith, 2 Head, 208; Barham *v.* Turbeville, 1 Swan, 437; Adams *v.* Fite, 3 Bax., 69; Gates *v.* Card, 93 Tenn., 341; Berrigan *v.* Fleming, 2 Lea, 271; Anderson *v.* Akard, 15 Lea, 192; Fogg *v.* Yeatman, 6 Lea, 580; Harris *v.* Smith, 98 Tenn., 296; Fletcher *v.* Coleman, 2 Head, 384.

Bruce *v.* Goodbar.

3. SAME. *Children means immediate offspring.*

And the limitation to the survivors upon the death of a devisee, "without child or children," attaches upon the death of a devisee without immediate offspring. (*Post, pp. 645, 646.*)

Case cited: Collins *v.* Williams, 98 Tenn., 528.

4. SAME. *Confers absolute estate.*

A devise by codicil of specific property to testator's son withdraws that property from the operation of a general clause in the will devising all of his property to that son and others, and gives the son absolute title in severalty to such specific property. (*Post, pp. 641–646.*)

Case cited: Jackson *v.* Everett, 3 Shan. Cases, 812.

5. SAME. *Effect of codicil changing executor.*

A codicil annulling the clause of a will which appoints executors and invests them with power of sale, and substituting other executors in their stead, does not annul the power of sale, where, from the intimate relations of the testator to the newly named executors, and from his implicit confidence in them, as evidenced by the waiver of bond for the performance of their duties, it is apparent that he could not have intended to do so. (*Post, pp. 641–646.*)

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County. F. H. HEISKELL, Ch.

SMITH & TREZEVANT for Bruce.

JNO. JOHNSON for Goodbar.

WILKES, J. This is a bill to enforce the specific performance of a contract for the sale of

the warehouse property of W. S. Bruce & Co. to the defendant.

The defendant resists upon the ground that complainants cannot make him a perfect title to the property. The property belonged to the firm of W. S. Bruce & Co., of which Joseph Bruce was a member. B. M. Bruce claims to own the property by devise from his father, the said Joseph, except certain fractional interests as to which there is no dispute or trouble with the title. The title and share derived from Joseph Bruce is the only one in question. A deed to the property is tendered by all the complainants, and it is intended and sought by it to cover and embrace all interests, vested and contingent, in them now or hereafter under the will of Joseph Bruce.

The fourth clause of the will of Joseph Bruce is in these words:

"I give and bequeath all my estate, real, personal, and mixed, not hereinafter disposed of, to my beloved wife, America J. Bruce, and to our children, and to Alice B. Holst, to be divided among them equally, share and share alike. The portion of any one of them dying without child or children shall go to and be equally divided among the survivors."

By the eighth clause W. S. Bruce and R. G. Craig are made executors with power to sell the testator's real estate, but by a codicil R. C. Bruce, B. M. Bruce, and John F. Holst were substi-

tuted in their stead, and bond was waived. He does not refer in this codicil to any power of sale, but uses the language that he " annuls the eighth clause."

By another codicil the testator's interest in the business of W. S. Bruce & Co., of which this property in controversy is a part, was specially devised to his son, B. M. Bruce, in these words:

" I will and wish that in the division of my real estate my son, Benjamin M. Bruce, be given my interest in the firm of W. S. Bruce & Co., as a part of his interest in my real estate, as I wish him to continue in that business."

The codicil in regard to the eighth section is in these words:

" By this I annul the eighth section of my will, in which I appoint W. S. Bruce and R. G. Craig as my executors, and now appoint R. C. Bruce, B. M. Bruce and Jno. F. Holst my executors to my will, and waive the necessity of their giving bond, and direct that no bond shall be required of either of the above named executors."

The contention of defendants is that the legal effect of the fourth clause of the will is to create an executory devise in favor of the survivors of the first devisees as to the shares of such of the other devisees as may die childless; that nothing would pass by the deed of Alice B. Holst except her present specific interest, and if she should

chance to be the survivor of all of said devisees, she might acquire the interest of one or more by reason of their having died childless, and that such acquired interest would not pass by her deed, nor would she be estopped by her deed to claim the same, as her deed could not act prospectively because of her coverture. He also insists that the power to sell did not survive in the new executors, and that B. M. Bruce took his interest in the firm subject to the provisions of the will, and hence could not with his partners make a deed to the partnership property because of the contingent provisions of the will.

On the part of complainants it is contended that the deed passed all the interest of Mrs. Holst and the other devisees, vested and contingent, according to its express purpose and intention; that B. M. Bruce took his father's interest in this property by a specific devise, free from the limitations and contingencies imposed upon the other portions of the estate, and conveyed such interest; that the executors of Joseph Bruce appointed by the codicil have full power to sell and convey the property, and have done so as executors.

The Court held with the defendant that the title was not perfect and he could not be required to accept it. Washburn, in his work on real property, says: "It is well settled that when the contingency upon which a remainder is to vest is not in respect to the person, but the event—

when the person is ascertained who is to take if the event happens—the remainder may be granted or devised, and the grantee or devisee will come into the place of the grantor or devisor, with his chance of having the estate." 2 Washburn on Real Property, 522, Section 4. Otherwise when the contingency is in the person who is to take—as, when the remainder is limited to the heirs of one now alive when there is no one who can make an effectual grant or devise of the remainder."

The same writer further says (Vol. 2, page 362) that an executory devise may be assigned or released and would descend, and might be devised; that though not properly an estate, it was not embraced in the category of naked possibilities such as that of an heir expectant, but was an interest in land. But he adds that the power of alienation, devise, or trust must be understood to be limited to cases where the party who is to take is an ascertained person. See also 20 Am. and Eng. Enc. Law, 849, and notes.

Now, all of the executory devisees in this estate are ascertained and named, and they may convey all the interest which they have or may hereafter acquire, and they do pass all interest unless a contrary intent appears. Shannon, § 3672; *Daly* v. *Willis,* 5 Lea, 104; *Garner* v. *Dowling,* 11 Heis., 48; *Fitzgerald* v. *Vestal,* 4 Sneed, 258; *Steele* v. *Frierson,* 1 Pickle, 430.

Such conveyance also operates by way of estoppel. *Birdwell* v. *Cain,* 1 Cold., 303; *Susong* v. *Williams,* 1 Heis., 630; *Coal Creek Co.* v. *Ross,* 12 Lea, 1; *Woods* v. *Bonner,* 5 Pickle, 411; *Henderson* v. *Overton,* 2 Yerg., 394 (S. C., 24 Am. Dec., 492).

We think there can be no doubt but that this principle is correct and conclusive as to all the interests in the lands, unless it be that of Mrs. Holst. Inasmuch as she is a married woman, it is insisted her contingent interest could not pass by way of estoppel. The wives of R. C. Bruce and B. M. Bruce are not necessary parties, as they have no present interest in the land, but only a possibility of homestead and dower which are cut off by their joining with their husbands in the deeds. In Rawle on Covenants, title-pages 433-4, it is said that though a married woman cannot be liable in damages for a breach of her covenant of warranty, yet the covenant with the privy examination of the wife in analogy to the fine in England will estop her and those claiming under her from setting up any claim to an after-acquired title. Citing *Hill* v. *West,* 8 Ohio, 226; S. C., 31 Am. Dec., 442; *Massill* v. *Sebastian,* 4 Bibb, 436; *Fowler* v. *Shearer,* 7 Mass., 21; *Calcord* v. *Swan,* 7 Mass., 291. See also *Dukes* v. *Spangler,* 35 Ohio St., 127. When husband and wife mortgage her lands, and the mortgagee brings a writ of entry against them, they

cannot defend by showing that the wife, after action brought, acquired a new title to the land and that they hold possession under that title. *Nash* v. *Spafford,* 10 Met. (Mass.), 192.

We are of opinion that upon the ground of estoppel, and also that the interest of Mrs. Holst, as well as the other devisees, is not an interest contingent as to the person, all their rights pass by the deed intended to convey all their interest.

It has been held that a married woman may by acts in pais done without any intentional fraud estop herself to assert title to her real estate against persons misled to their prejudice by such acts. *Galbraith* v. *Lansford,* 3 Pickle, 89; *Howell* v. *Hale,* 5 Lea, 405; *Cooley* v. *Steele,* 2 Head, 606; *Pilcher* v. *Smith,* 2 Head, 208; *Barham* v. *Turbeville,* 1 Swan, 437; *Adams* v. *Fite,* 3 Baxter, 69. And it has also been held that by joining her husband in a deed to real estate the wife estops herself to dispute the grantee's title thereunder, although her name does not appear in the face of the deed as a grantor. *Gates* v. *Card,* 9 Pickle, 341; *Berrigan* v. *Fleming,* 2 Lea, 271; *Anderson* v. *Akard,* 15 Lea, 192. See, also, to same effect *Fogy* v. *Yeatman,* 6 Lea, 580; *Harris* v. *Smith,* 14 Pickle, 296, and cases cited; *Fletcher* v. *Coleman,* 2 Head, 384.

We are also of opinion the term " child " or " children " used in this will means immediate off-

spring, and not an indefinite line of heirs. *Collins* v. *Williams,* 14 Pickle, 528. But we think also that it was clearly the intention of the testator to vest in B. M. Bruce such an estate and title in the firm property as that it could be used and sold without restriction or limitation, and that in any event a sale by him would pass a valid legal title, and the purchaser would not be required to look to the application or disposition of the proceeds of sale. *Jackson* v. *Everett,* 3 Shannon's Cases, 812. Otherwise it would be practically impossible to vest a good title in this property or to sell it for the benefit of the firm business or to wind it up.

We are also of opinion that the testator did not intend by his codicil to do away with or annul the whole of the eighth section of his will, but simply to substitute one set of executors for another, with the same powers and duties and discretion. This is induced by the confidence displayed in them by not requiring any bond to be given by them and by the relation they sustained to him.

We are of opinion that the deed tendered in this case, being signed by the executors, by the special devisee, B. M. Bruce, and by all the devisees interested in this property, conveys an absolute and perfect title; and this being the only objection, the defendant is bound to take and pay for the land and accept the title.

Bruce *v.* Goodbar.

The decree of the Court below is reversed, and the appellee will pay costs of appeal. The cause will be remanded if either party desires any further action by the Court below.