Johnston v. Osment.

---

JOHNSTON   v.   OSMENT.

(*Knoxville.*     October   5,   1901.)

1. COMPROMISE.   *Between owner of present or particular estate and remainderman.*

   A compromise between parties competent to make it, whereby the owner of a present or particular estate, upon which a contingent remainder is limited or based, agrees to convey a portion of the property absolutely to the contingent remainderman upon consideration of the latter's release of his contingent interest in the residue, is a legal and valid contract, which, if deemed fair and reasonable. the courts will approve and enforce, even where the remainderman acts in a trust capacity.

   Case cited: Gore *v.* Howard, 94 Tenn., 577.

2. SAME.   *Same.*

   And the bishop and vestrymen of a church, invested under the economy of the church with control of its temporal affairs, in whom a contingent estate is vested by a will in trust for certain religious purposes connected with the church, are competent to make such compromise with the owner of the present or particular estate, but the property taken by them absolutely under such compromise must be limited to the purposes and uses expressed in the will.

3. DECREE.   *Authorized by the pleadings.*

   And a decree directing the execution of such compromise, in a cause to which all the necessary parties are made, is authorized by the pleadings, when the bill seeks construction of the will creating the contingent estate, and full directions to the executor in its execution, administration and distribution of the estate under direction of Court.

4. SAME.   *Compromise decree valid, when.*

   But a compromise or consent decree is valid, although it goes outside or beyond the scope of the pleadings, when it is rendered

Johnston *v.* Osment.

by a Court having jurisdiction of the parties and subject-matter.

Cases cited· Boyce *v.* Stanton, 15 Lea, 347; Bigley *v.* Watson, 98 Tenn., 353.

---

FROM BRADLEY.

---

Appeal from the Chancery Court of Bradley County. T. M. McCONNELL, Ch.

MAYFIELD & SON & AIKEN and CREED F. BATES for Johnston.

BROWN & SPURLOCK for Osment.

WILKES, J. At a previous term of this Court, the will of John H. Craigmiles was construed, and the rights of parties thereunder were declared, and the cause was remanded for a reference and report.

Upon the remand of the cause there was a compromise entered into between the parties, except Johnston, executor, which was approved by the Chancellor, and on appeal has been ratified and confirmed, with a modification, or addition, by the Court of Chancery Appeals. The cause is now before this Court on the appeal of Johnston, executor, from the decree entered into by consent between the other parties, and his contention is

24 P—3

that, as executor of Craigmiles, he would not be warranted and protected in paying and delivering certain property in his hands as executor, to Mrs. Craigmiles, in furtherance of and according to the terms of the agreed decrees. That portion of the agreed decree to which the executor excepts, and from which he prays an appeal, in substance, directs the executor to pay to Mrs. Craigmiles all the property and effects of the estate under his control, which is a very large amount.

The will has a clause which provides that the residue of the estate, after paying certain bequests, should go to Mrs. Craigmiles for life, and then to Miss Thompson, if living, and if dead, then to St. Luke's Church, with direction that the fund was to be held in trust by the Bishop of the Diocese and the Vestry of St. Luke's Church, and their successors in office; the interest only to be used towards paying the Rector's salary, keeping up the church property, mausoleum and grounds around said church property; the fund to be kept in good paying bank stock.

As a part of the compromise decree, the Bishop and Vestry of St. Luke's Church conveyed to Mrs. Craigmiles all the interest of the church in the estate in consideration of the transfer to them, for the church, of two town lots in Cleveland, belonging to the estate, of considerable value, with immediate and fee simple rights in and to

the same, and rights of immediate possession and control.

The grounds of objection embodied in the assignments of error, are, that the Bishop and Vestry of St. Luke's Church have no such valid interest in the property as could be sold and conveyed by them; that they have no power or authority to sell the rights and interests of the church; that the executor could. not be directed to turn over the estate to Mrs. Craigmiles, especially in furtherance of such contract, and that if such contract could be sanctioned and confirmed by the Court, there are no pleadings in this case to authorize or justify it, and that it was error to divest the contingent title and interest of St. Luke's Church, as fixed by the will of Craigmiles, out of the church in pursuance of the contract, and to vest the title to all the property of the estate in Mrs. Craigmiles, in furtherance of such contract.

As before stated, the Court of Chancery Appeals, after affirming the agreement and decree of compromise, directed that the property received by the church, under the agreement, should be held by it, subject to the same trust impressed by the will of Craigmiles, upon the contingent interest devised to the church by it. As to the question of pleadings and parties to justify the decree affirming the settlement, it appears that the Bishop and Vestrymen of St. Luke's Church

were made parties to the bill, and it asked for a construction of the will, and that the estate be administered, and the will executed under the direction of the Court, and that the executor be given proper instructions and directions as to the disposition of the estate.

Even if the pleadings were not broad enough to justify such a decree by the Court, still the decree being by consent of the parties beneficially interested in the estate, and the Court having jurisdiction of all the parties, and the executor being merely a formal party, the decree would be proper and authorized. *Boyce* v. *Stanton,* 15 Lea, 347; *Bigley* v. *Watson,* 14 Pickle, 353, 357; *Pacific R. R.* v. *Kitchner,* 101 U. S., 289; *R. R.* v. *U. S.,* 103 U. S., 261.

We think, however, that the bill is broad enough in its scope to warrant the decree, and the consent to the decree also properly makes it effective as between the parties beneficially interested, and is sufficient authority to the executor to carry out the agreement so far as his acts are necessary therefor.

It is a familiar principle, that an interest, no matter if it is contingent, may, so far as the parties interested are concerned, be disposed of so as to pass the interest of the party disposing of it subject to the contingency. This is true even of expectancies. *Gore* v. *Howard,* 10 Pickle, 577.

St. Luke's Church is the beneficiary of this contingent interest. It is represented in such matters properly and under the will itself, by the bishop and vestrymen, and, acting through them, it has disposed of its contingent interest and has assented to the compromise and settlement. No question is made as to the good faith and wisdom of the transaction. It is true there is no proof upon the question, but these officers of the church are those designated in the will as beneficiaries, and, under the church economy, are proper persons to protect its temporal interests, and, besides, the transaction, from its very nature, commends its wisdom to the judicial and business sense. The result of the transaction is that the church receives a certain value at present and beyond future contingency, for an interest which before was purely contingent upon the death of two persons, and in the order named in the will, otherwise there could be no interest in the church.

The Court of Chancery Appeals reports that the compromise and settlement is a wise one, and proper to be made in view of all the facts, and that the executor will be fully protected in complying with it, with the modification that the property received by the church shall be impressed with the same trusts as that originally given by the will.

We think it is not in any sense a perversion of the trust and diverting the property into other

channels than those designated by the will, but it is merely a judicious change in the corpus of the propery, of which the corpus and income are impressed with the same trusts as under the original will, and the executor will be fully protected in paying or delivering over the property according to the terms of the compromise agreement with the life tenant and contingent remaindermen.

The decree of the Chancellor and Court of Chancery Appeals is, therefore, affirmed with costs.