CHARLES F. FRANK *et al. v.* R. B. FRANK *et al.**

(*Nashville.* December Term, 1925.)

1. **LIFE ESTATES.** One owning life estate, with remainder to surviving children, held entitled to proceeds absolutely on giving bond.

One having life estate, with remainder to surviving children and to surviving brothers and sisters in default of such issue, who was beyond age for bearing children, and who had acquired interests of brothers and sisters by deed, *held* entitled to her share of proceeds of entire property absolutely on giving bond for repayment in case she should have children to take at her death. (*Post, pp.* 218, 219.)

Cases cited and approved: Frank v. Frank, 120 Tenn., 569; Taylor v. Swafford, 122 Tenn., 312.

2. **REMAINDERS.** Partition deed by contingent remaindermen held to divest them of all rights (Shannon's Code, section 3672).

Where daughter took life estate only, with remainder to children, and, in default of surviving children, to brothers and sisters, partition deed from such brothers and sisters conveying all their interest *held* valid conveyance divesting them, under Shannon's Code, section 3672, of all rights as contingent remaindermen in grantee's estate. (*Post, p.* 219.)

Cases cited and approved: Johnson v. Osment, 108 Tenn., 36; Bruce v. Goodbar, 104 Tenn., 638.

Code cited and construed: Sec. 3672(S.)

---

*Headnotes 1. Estates, 21 C. J., Section 73; 2. Estates, 21 C. J., Section 157.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County. —HON. D. W. DE HAVEN, Chancellor.

A. H. MURRAY and RANDOLPH & RANDOLPH, for appellants.

H. R. BOYD, for appellees.

MR. JUSTICE COOK delivered the opinion of the Court.

In *Frank* v. *Frank,* 111 S. W., 1119, 120 Tenn., 569, the will of J. F. Frank was construed to mean that the four sons of J. F. Frank took an estate in fee, and the three daughters, Clara M. Frank, Elizabeth G. Frank, and Mrs. Leonora F. Bowen, each, took life estates in the property therein devised, with remainder (1) to any child or children that either might leave surviving her; (2) in default of child or children surviving any daughter, to the brothers and sisters living at her death.

After this construction was put on the will the four sons and three daughters of J. F. Frank, all devisees, agreed in writing to partition the land disposed of by the will of their father, and agreed that in so far as within their power each devisee should enjoy an estate in fee to his or her share. Under this agreement the real estate consisting of about eleven acres was partitioned in seven parcels, and all the devisees joined in a deed conveying to each their interest, whether vested or contingent, whether in possession or in expectancy. After this an offer was made for the entire tract, and the bargainor entered into an agreement with the owners to purchase the share of each.

Elizabeth G. Frank and Clara M. Frank were unmarried. Mrs. Bowen had children who would take the remainder in her share. A bill was filed in the chancery

court to ratify the sale of the shares of Clara M. Frank, Elizabeth G. Frank and Mrs. Bowen. The sale was confirmed by the chancery court and the proceeds held by the clerk and master, subject to the rights of the remaindermen.

The fund in court belonging to Elizabeth G. Frank was $4,265.83, and the share of Clara M. Frank was the same. They filed a petition in the cause to have the proceeds of their shares decreed to them absolutely, or in the alternative, to have such proceeds loaned to them upon the execution of a bond by each in double the amount to assure repayment into court "only on the contingency that the borrower should die leaving issue surviving to take the remainder."

The petition was demurred to by Leonora F. Bowen, Walter A. Frank, Samuel Nash Bowen, and others. The chancellor overruled the demurrers and granted the alternative relief prayed in the petition, and the fund was ordered loaned to Clara M. Frank and Elizabeth G. Frank upon execution of forthcoming bonds.

Leonora F. Bowen and Walter A. Frank appealed from the decree and have assigned errors, and their counsel says:

"The sole question presented by this record and for the decision of this court is whether or not a contingent remainder under the laws of Tennessee can be alienated."

The remainder in the estate conferred upon Clara M. Frank and Elizabeth G. Frank does not rest upon a contingency as to who shall take upon falling in of the life estate. The remaindermen are declared by the will as construed in *Frank* v. *Frank,* 120 Tenn., to be the issue

of each devisee, and no issue the survivor of the four brothers and three sisters.

While there is a presumption of the possibility of issue as long as life continues, the record shows that Clara M. Frank is sixty-four years old, and Elizabeth G. Frank fifty-eight years old. Both are beyond the age when it is physiologically possible for either to bear children. To meet the requirement that rests upon the presumption of childbirth until life is extinct, the chancellor required the execution of a bond for repayment of the money in the event that either should have children who might take the remainder upon their death. The other, and only possible remaindermen are the four brothers and the sister Leonora F. Bowen. All these joined in the agreement of February 25, 1909, and the deed of August 26, 1909, in which each released to the other, and in which all released to Clara M. and Elizabeth G. Frank all their rights as survivors to the remainder.

In the contract and deed it was declared to be the object of the devisees to vest in each of the seven devisees under the will, as against the others, the fee-simple title to his or her share of the land. It was from this land that the fund in controversy arose.

The appellants Leonora F. Bowen and Walter A. Frank are parties to the agreement and deed referred to. They are estopped by their deed. *Taylor* v. *Swafford,* 123 S. W., 350, 122 Tenn., 312, 25 L. R. A. (N. S.), 442.

Moreover, the second class of remaindermen (the surviving brothers and sisters among the devisees) is designated by the will; all are ascertained, known, and those among them outliving the others would take the remainder. These designated contingent remaindermen thus

definitely ascertained could and did convey the interest they had or which might thereafter be cast upon them as survivors. Their conveyance did not affect the rights of any unascertained class, nor the rights, contingent or otherwise, of any third persons.

Mrs. Bowen and Walter A. Frank disposed of their interest by the deed and agreement referred to, and are bound by it. Shannon's Code, section 3672; *Johnson* v. *Osment,* 65 S. W., 23, 108 Tenn., 36; *Bruce* v. *Goodbar,* 58 S. W., 282, 104 Tenn., 638.

The other demurrants had no interest either vested or contingent.

The decree of the chancellor will be affirmed, and appellants are taxed with the costs.