WILLIAM P. MULLENS v. MRS. JENNIE J. MULLENS et al.

Middle Section.   June 24, 1927.

No petition for Certiorari was filed.

1. **Estates.** Language of will held to create a qualified fee with a valid executory devise.
   Language of a will held to devise a base or determinable fee with a valid executory devise of the whole in favor of the survivors of the party on the happening of the contingencies specified.

2. **Estates.** Indestructibility is an essential element of an executory limitation.
   Indestructibility is an essential element of an executory limitation and an unlimited power of disposition in the first taker is clearly incongruous with this idea, being ipso facto a destruction of the executory limitation, whether the power is exercised or not.

3. **Estates.** Power of sale held not to destroy executory devise.
   In a will containing an executory devise where the first taker was given a power of sale but the testator required the purchaser to see that the purchase money was invested in other lands, held to be merely a power of substitution and not sufficient to destroy the executory devise.

Appeal from Chancery Court, Williamson County; Hon. J. C. Hobbs, Chancellor.

Affirmed and remanded.

Earl Beasley, of Franklin, for appellants.

E. W. Eggleston and W. J. Smith, of Franklin, for appellees.

FAW, P. J.   The disposition to be made of the assignments of error in this case depends upon the proper construction of certain provisions of the will of Z. H. German, deceased, late of Williamson county, Tennessee.   The will bears date of March 30, 1875, and was probated in the county court of Williamson county at the October term of that court in the same year.

The testator devised two tracts or parcels of land in the 9th (formerly the 8th) civil district of Williamson county, Tennessee, aggregating ninety-three acres, to three of his daughters, viz.: Margaret L. German, Narcissa M. German and Sallie A. German, subject to certain specified limitations which will be later mentioned with more particularity.   The complainant W. P. Mullens is in the exclusive possession of the aforesaid ninety-three acres of land, and he alleges in his bill that the entire title to said land is vested in him in fee-simple absolute.

Recently, before the bill was filed, complainant undertook to procure a loan to be secured by mortgage on said land, and the

company to whom the application for the loan was made declined to make the loan on the ground that complainant's title was questionable. Thereupon complainant filed the bill in this case (on March 2, 1927), pursuant to the Uniform Declaratory Judgments Act of 1923 (chapter 29), praying for a decree declaring that he is the absolute owner in fee simple of the aforesaid ninety-three acres of land, which land is fully described in the bill. All persons "who have or claim any interest which would be affected by the declaration" were made parties defendant to the bill. The defendants are numerous, but none of them contested the right of complainant to the decree sought by him, except the minor defendants, viz.: Sara Harvey, Cornelia Williams, Mary Marshall, John Marshall, Tom Marshall, Alma Marshall and Ethel Marshall, for whom a guardian ad litem was appointed. The guardian ad litem has, so far as we can see from the record, represented his wards with fidelity and ability. The case was finally heard on pleadings and proof, and the Chancellor adjudged and decreed that complainant William P. Mullens is the owner of the fee in the real estate in question, and that the defendants, the heirs at law and next of kin of Z. H. German, Sallie A. German, Margaret L. German and Narcissa M. German, have no interest of any kind or character in and to said real estate.

The Chancellor further ordered that the costs of the cause, including a fee to the guardian ad litem, be adjudged against the complainant and the surety on his prosecution bond.

The minor defendants, through their guardian ad litem, excepted to the decree and prayed, obtained and perfected an appeal to this court and have assigned errors here.

All the questions raised by the assignments of error depend for their solution upon the proper construction of the fourth and sixth "Items" of the will of Z. H. German, deceased. These "Items" appear in the transcript as follows:

"Item 4th. 'I will, devise and bequeath to my children my lands as follows, to-wit: The lots of land laid off to them on a plat heretofore annexed marked Ex. Z. H. G. and made part of this will To Cornelia U. Lot. No. 1, 40 acres. To Cynthia C. Lot No. 2, 40 acres. To the heirs of Mary C. Carothers Lot No. 4, 40 acres. Jennie I. Lot No. 6, 54 acres. To my three daughters Margaret L., Narcissa M. and Sallie A., Nos. 3 & 3, 93 acres in common to be divided equally among them share and share alike. To Bettie M. Lot No. 5, 43 acres. And I will said lands to my daughters for their sole and separate use free from their debts, the debts, contracts or control of their present or any future husband and after their respective deaths to their children to be equally divided among them share and share alike. The child or children of any

deceased child taking the share or shares his, her or their parents would have taken if living, and in the event any of my daughters after the death of my wife should desire to sell her share of said land and have the proceeds reinvested in other lands she may do so by executing a deed in the ordinary way, her husband joining in the deed with the wife, privy examination being taken. And the purchaser seeing that the purchase money is paid for other lands to be held for the sole use and benefit of my daughters selling in the same manner she holds under this will.' ''

"'Item 6th. 'Upon the death of my daughter Sallie A. H. Unmarried without issue in this event I will her share of said land to be equally divided between my daughters Margaret L. and Narcissa M. and if one of them die without issue the survivor is to have it all to do as she pleases with it and the said portion is to support Sallie A. H.' ''

The ninety-three acres of land devised to Margaret L. German, Narcissa M. German and Sallie A. German in the 4th Item, supra, is the land described in complainant's bill, and to which complainant is asserting title in this case. The three devisees just mentioned are all dead, and all of them died unmarried and without issue. Sallie A. German died on December 13, 1889; Margaret L. German on May —, 1913, and Narcissa M. German on April 6, 1926.

Subsequent to the death of Sallie A. German, her surviving sisters Margaret L. and Narcissa M. German executed and delivered to complainant W. P. Mullens a deed purporting to convey to him the aforesaid ninety-three acres of land in fee, with the usual covenants of seizin, right to convey, against encumbrances, and general warranty of title, but reserving to each of the grantors, and the survivor of them, a life estate in the land conveyed. This deed bears date of March 13, 1905, and was duly acknowledged for registration and registered on March 30, 1905.

Upon the foregoing facts and the law applicable thereto, we are of the opinion that there is no error in the Chancellor's decree. The 4th and 6th Items of the will of Z. H. German relate to the same subject-matter and must be construed together. Under these provisions of the will, Sallie A. German, Margaret L. German and Narcissa M. German each took, as tenants in common, a base, qualified or determinable fee in the ninety-three acres of land in question, with a valid executory devise of the whole in favor of the last survivor of the three, on the happening of the contingencies specified, viz.: the death of either of the other two without issue. 28 R. C. L., p. 241, sec. 206; 11 R. C. L., p. 471, sec. 8; Hoggatt v. Clopton, 142 Tenn., 184, 196, 217 S. W., 657; Hottell v. Browder, 13 Lea, 676.

Item 6 of the will, supra, created a valid executory devise. 40 Cyc., pp. 644-648; 28 R. C. L., pp. 242-243, sec. 208; 11 R. C. L.,

pp., 470-471, sec. 8; Pritchard on Wills, secs. 173-174; Page on Wills, sec. 578; Jarman on Wills (6 Ed.), p. 834 (Star page 822); Schouler on Wills (5 Ed.), sec. 460; Ryan v. Monaghan, 99 Tenn., 338, 42 S. W., 144; King v. Guild, 2 Tenn. Chy. App., 190.

And the contingent interests thus arising under the executory devise were assignable, descendible and devisable. 39 Cyc., p. 1213; 11 R. C. L., pp. 484-485, sec. 25; Bruce v. Goodbar, 104 Tenn., 638, 643, 58 S. W., 282; King v. Guild, supra, p. 195.

Upon the death of Sallie A. German in 1889, her "share of said land" passed to her sisters Margaret L. German and Narcissa M. German, as equal tenants in common, subject to the executory devise over in favor of the survivor, and, by their deed of March 13, 1905, Margaret L. and Narcissa M. conveyed to complainant W. P. Mullens all the interest in said land which they then had, including the right of the survivor to take under the executory devise. Bruce v. Goodbar, supra, p. 643. And the deed of Narcissa M. German operated by way. of estoppel to vest in complainant Mullens the fee-simple estate which, by the terms of the will, vested in Narcissa M. as the last survivor of the two beneficiaries of the executory devise. Bruce v. Goodbar, supra, p. 644.

The main contentions of the appellants, with respect to the construction of the will of Z. H. German, may be seen from certain excerpts from the brief of the guardian ad litem, as follows:

"Appellants contend that a true construction of the will of Z. H. German, deceased, is that he intended thereby to give to his daughters only a life estate in said land, with remainder over to their children, if any one of the devisees died leaving children, and the intention of the testator to limit the estate so devised is unquestionably shown by the provision that the respective interests so devised could be sold only for reinvestment, which was to be made of the proceeds, a requirement being made of the purchaser to see to such reinvestment.

"If appellants are correct in this contention, Sallie A. German took only a life estate in said realty, and on her death in 1889, unmarried and without issue, there being no remaindermen, so that the remainder over could not vest, said Sallie A. German took an absolute estate in said land, which passed, under the laws of descent, to her heirs-at-law, and did not under the 6th Item of the will, pass to her sisters, Margaret L. and Narcissa M. German, as held by the Chancellor. . . .

"Appellants say, however, that if appellee's title is sought to be derived through his deed executed by Margaret L. and Narcissa M. German to him in 1905, wherein they conveyed to him their interest in said land, which they in turn held under the 6th Item of the will of Z. H. German, deceased, the inhibition placed on

the power of disposition of the three daughters' interests, which could only be exercised for reinvestment, and which appears in the 4th Item of the will, applies, and should be construed, with the 6th Item, so that this inhibition of sale for reinvestment also applied to the share of each of the three daughters separately, and no one of the said daughters, Sallie A. or Margaret L. or Narcissa M. German was authorized to sell said land, or any of the interests therein, during life, except for reinvestment, which was not done, or attempted to be done.

"Appellants admit that, while contending Margaret L. and Narcissa M. German had no right to convey said land except for reinvestment, that both of these devisees, having died without issue, so that the remainder over could not vest, they then became the owners of the fee, and the deed which these two daughters executed to appellee Mullens, in 1905, conveyed their interests to him, but this deed did not include the interest of Sallie A. German, who died in 1889, since she took an interest for life only, with no power of sale except for reinvestment, and not until her death, which occurred without issue, surviving, could her absolute estate in said property be determined, at which time her interest passed under the laws of descent to her heirs-at-law."

The contentions thus made, although ingenious and plausible, are, in our opinion, not sound. It is true that "indestructibility is an essential element of an executory limitation, and an unlimited power of disposition in the first taker is clearly incongruous with this idea, being ipso facto a destruction of the executory limitation, whether the power is exercised or not." 11 R. C. L., p. 477, sec. 16. But the power of sale in the will here under construction is by no means an unlimited one. It is limited to the single purpose of reinvestment in other lands, which are to be held by the same title and upon the same limitations as the lands devised, and the reinvestment is assured by the provision which charges the purchaser with the duty of seeing that the purchase money is paid for such "other lands." A power of sale thus qualified is, in its substance, merely a power to substitute other lands for the particular lands devised, and is not inconsistent with, and does not destroy, the executory devise.

Moreover, the power of sale contained in Item 4 is, by the terms of that Item, given to each of the seven living daughters of the testator to whom devises are made in that Item, whereas the executory devises created by the 6th Item relate only to the devise of the ninety-three acres of land to Sallie A., Margaret L. and Narcissa M.

Subsequent provisions in a will, when in conflict with prior ones, will control; hence, if there is an irreconcilable repugnance be-

tween the power of sale granted in Item 4 and the executory devises created by Item 6, the latter Item will be construed as withdrawing the particular devise in controversy from the general power of sale given to the devisees named in Item 4. Pritchard on Wills, secs. 260 and 397; Anderson v. Lucas, 140 Tenn., 336, 349, 204 S. W., 989.

We think the Chancellor has construed the will in controversy in such manner as to carry into effect the intention of the testator, and in harmony with established rules of law. It results that the assignments of error are overruled and the decree of the chancery court is affirmed.

In any proceeding under the Uniform Declaratory Judgments Act, "the court may make such award of costs as may seem equitable and just." The costs of the appeal will be adjudged against the complainant W. P. Mullens. If desired by the parties, or either of them, the cause may be remanded to the chancery court of Williamson county, and upon the remand the Chancellor may make such further orders with reference to additional compensation to the guardian ad litem as may be proper.

Crownover and DeWitt, JJ., concur.