OSCAR ROHLFF ET AL., APPELLANTS, V. GERMAN OLD PEO-PLE'S HOME ET AL., APPELLEES.

10 N. W. (2d) 686

FILED JULY 23, 1943. No. 31601.

*Clinton Brome,* for appellants.

*Peter & Dalton, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, CHAPPELL and WENKE, JJ., and TEWELL, District Judge.

CARTER, J.

Plaintiffs, as heirs of Henry Rohlff, deceased, commenced this action against the German Old People's Home, a charitable corporation, and its officers and trustees, to obtain a decree holding that a charitable trust created by the will of Henry Rohlff had failed through the failure of defendants

to carry out the purpose of the trust and for a distribution of the fund to the heirs of the said Henry Rohlff. The trial court sustained a demurrer to the petition and dismissed the action. Plaintiffs appeal.

The petition alleges that Henry Rohlff, the father of the plaintiffs, was during his lifetime a member of the Omaha Plattdeutsche Verein, an organization of persons of German descent organized for the promotion of the welfare of such persons. The members undertook to raise the funds necessary to construct and maintain a home for aged persons of German extraction, and, with the intention of assisting in the project, Henry Rohlff executed his last will and testament containing the following residuary clause: "All the rest, residue and remainder of my property, real, personal or mixed, of which I shall die seized or posesssed I give, devise and bequeath as follows, to wit: One-fifth to my daughter, Lillie Lierk, one-fifth to my son Oscar B. Rohlff, one-fifth to my daughter Clara Roos, one-fifth to my son, Erwin E. Rohlff, and one-fifth to the Omaha Plattdeutsche Vereen to be used for the purposes of the Altenheim or Old People's Home which it proposes to establish, provided if before my demise there will be organized a separate corporation for the purpose of conducting said Old People's Home, the bequest and legacy so intended for purposes of an Old People's Home shall pass directly to such corporation and not to the Omaha Plattdeutsche Vereen in trust."

Subsequent to the making of the will and on February 23, 1923, the German Old People's Home was incorporated and funds were solicited for the purpose of building an old people's home for aged persons of German descent.

Henry Rohlff died on November 19, 1925, and his will was duly filed for probate. The executors of the estate thereupon applied for an order declaring the bequest to the German Old People's Home to have lapsed by the failure of the trustees of the home to carry out the purposes of the corporation. The petition alleges that assurances were given that the home would be constructed and maintained, and in

order to close the estate an agreement was entered into on May 26, 1926, between the trustees of the corporation and the heirs of Henry Rohlff whereby certain property and cash in the amount of $10,000 were transferred to the trustees of the corporation to effect the intention of the testator and to release the executors and heirs of the Henry Rohlff estate from further liability by virtue of the provision of the will.

It is further alleged that the agreement was entered into by the executors and heirs of Henry Rohlff upon the representations of the trustees of the German Old People's Home that additional funds would be raised and the home constructed and maintained, and that since that date no funds have been raised, no home built and efforts abandoned for so doing. The petition alleges that the purpose of the trust has failed and that the funds have been dissipated and wrongfully diverted from the purposes for which the trust was created. It is further alleged that said trustees propose to divert the remainder of said funds to other and different purposes from that contemplated by the articles of incorporation of the home, the proviso of the will of Henry Rohlff, deceased, and the agreement entered into by the heirs and executors of the estate and the trustees of the corporation. The petition prays for injunctive relief, an accounting, a finding that the charitable trust has failed, the dissolution of the corporation, and for a distribution of said trust fund to the heirs of Henry Rohlff, deceased.

A consideration of the nature of the bequest made by the testator in his will is essential to a proper determination of the case. It will be noted that at the time the will was drawn the Omaha Plattdeutsche Verein was proposing to establish an old people's home for the benefit of the old people among its membership. One-fifth of testator's residuary estate was given to the Omaha Plattdeutsche Verein in trust for the purpose of aiding in the building and maintaining of the home. This provision was subject to a proviso to the effect that if a separate corporation would be organized for the purpose of conducting the home before tes-

tator's demise, then the bequest should pass directly to such corporation and not to the Omaha Plattdeutsche Verein in trust. The petition shows that such a corporation known as the German Old People's Home was organized before testator's death for the purpose of conducting such a home. Consequently the German Old People's Home, and not the Omaha Plattdeutsche Verein, became the designated object of testator's bounty.

The petition discloses that the German Old People's Home was a charitable corporation organized for the purpose of constructing and conducting a home for old people of German extraction. Testator's purpose in making the gift was clearly limited to the building and maintaining of a home for old people of German descent, which the Omaha Plattdeutsche Verein had planned to establish in Omaha.

There is a suggestion in the record that the rights of the parties were changed by the contract made subsequent to the death of Henry Rohlff. We do not think so. An agreement as to the amount of the present liability in lieu of the contingent interest of the German Old People's Home in the residuary estate of the deceased donor in no way affects the legal rights of the parties. "The trust itself is not and cannot be affected by any compromise as neither the court nor the litigants have power and authority to change its nature and purpose. Neither can the use be diverted by the beneficiaries for the time being through an agreement or arbitration. They cannot alien it, for the property is not theirs to sell. They cannot donate it, for the title is not in them. They cannot misapply it, for the use for which it was created cannot be changed. But, while this is true, the right to compromise a controversy in a proper case is undeniable. Where, therefore, a charitable gift is contingent on certain events, the trust is not perverted by a compromise agreement through which the trustees receive a certain definite amount of property impressed with the same trust in lieu of the contingent interest." Zollman, Charities, 431. See, also, *Johnston v. Osment*, 108 Tenn. 32, 65 S. W. 23.

It is urged by defendants that the will provides for an

absolute gift to the German Old People's Home. The plaintiffs contend that a charitable trust was created. The general rule is that a bequest in the form of a trust to a charitable corporation organized for the same charitable purpose as that shown in the purported trust is not technically a trust. It is a gift to the charitable corporation to accomplish the purposes of the corporation, but is equivalent to a bequest upon a charitable trust. The question then arises whether it is subject to conditions subsequent, as in the case of a charitable trust created for a specific as distinguished from a general charitable purpose.

The petition alleges that the German Old People's Home was a charitable corporation which was organized prior to the death of testator on November 19, 1925. Since that date the corporation has failed to establish a home for old people of German extraction, and the petition alleges that all hopes of doing so have been abandoned. It appears, therefore, that approximately 17 years have elapsed and the purpose of the gift and the object of the corporation have not been even partially consummated. Plaintiffs allege that this amounts to a failure of the purpose of the charitable use and that the bequest reverts to the donor or his heirs. We think the rule is that a bequest will revert to the donor's heirs at law, even in the absence of an express provision therefor, if it appears that the donor had no general charitable purpose in mind and contemplated only the carrying out of a particular purpose which is impossible of fulfilment. See cases cited in 38 A. L. R. 44.

It will be observed that the petition alleges that the gift failed at the outset. The possibility of a reverter in a case where the particular purpose failed some time after the creation of the charitable trust or gift involves intricate questions of law and fact with which we are not here concerned. In any event, the decisions appear to sustain reverters more readily where the charitable trust or gift failed initially as in the case at bar.

An authoritative text-writer states the rule as follows: "If a settlor gives property in trust to aid the orphans in a

particular school, and the court finds that he did not have in mind a general eleemosynary purpose, but rather had in view merely the assistance of orphan children in this particular institution, the abandonment or dissolution of the school may well cause a court to decree a return of the property to the donor or his successors on a resulting trust theory. Here there is implicit in his narrow charitable trust intent a desire that, if the execution of such limited purpose ever becomes impossible, the property shall not be retained by the trustees for their own benefit or for some allied purpose, but shall be returned to the donor or his successors." Bogert, Trusts and Trustees, 1279, sec. 418. It is evident to us upon an examination of plaintiffs' petition that the testator made the gift by his will for the purpose of assisting aged people of German extraction in the city of Omaha by aiding in building and maintaining a home for that purpose. The gift was for charity, with a narrow trust intent. The provision in the will indicates no general charitable intent. Under such circumstances the failure of the trust results in the fund reverting to the donor or his heirs. It may be urged, however, that technically no trust exists where the purported trustee is a charitable corporation organized for the same purpose for which the purported trust was created, and that the fund is in fact a gift to the corporation. Conceding this to be true, it must be borne in mind that such a gift to a charitable corporation is equivalent to a bequest upon a charitable trust, and will ordinarily be governed by the same rules. This court has held that when a gift is made by will to a municipal corporation to be used for a specific charitable purpose, the accomplishment of that purpose is a condition subsequent upon the failure of which the gift reverts. *Marble v. City of Tecumseh,* 103 Neb. 625, 173 N. W. 581; *Allebach v. City of Friend,* 118 Neb. 781, 226 N. W. 440. The same rule applies when the gift is to a charitable corporation and the trust relation is absent for the reason that the purpose of the charitable corporation coincides with the charitable purpose of the gift. As a result it is encumbent upon a chari-

table corporation to carry out its purposes and that of the donor within a reasonable time where no general charitable intent is found in the bequest, otherwise the gift will revert to the donor, if living, or to his heirs, if he be deceased. The petition alleges that the corporation has failed for a period of approximately 17 years to carry out the purposes of the bequest and that all attempts to so do have been abandoned. The applicable rule is: "Where no particular time is mentioned for the performance of a condition attached to a charitable grant, devise, or bequest, the law requires that it should be done in a reasonable time, to be determined from all the surrounding circumstances, and unreasonable delay may be considered as a refusal of the gift." 14 C. J. S. 497, sec. 44. See, also, *Allebach v. City of Friend, supra; American Church Missionary Society v. Griswold College,* 27 Misc. 42, 58 N. Y. Supp. 3. We think the rule is, also, that where a bequest is intended to establish and maintain a charitable institution and is insufficient of itself to accomplish that purpose, and is not supplemented from other sources, it will revert to the donor or his heirs where no general charitable intent can be shown. Restatement, Trusts, sec. 399g. The bequest having been made to accomplish a specific charitable purpose, we think the allegations in this respect are sufficient to state a cause of action. See *Hopkins v. Grimshaw,* 165 U. S. 342, 17 S. Ct. 401; *Bancroft v. Maine State Sanatorium Ass'n,* 119 Me. 56, 109 Atl. 585; *Bowden v. Brown,* 200 Mass. 269, 86 N. E. 351.

It is suggested in the briefs that the *cy pres* doctrine should be resorted to in order to avoid a failure of the charity. While it is true that the *cy pres* doctrine in so far as it comprehends the exercise of the prerogative power of the sovereign has not been adopted in this state, its application to charitable trusts and uses as a branch of the general equitable powers of a court of equity, independent of the prerogative of the sovereign power, has been adopted and applied. *Hobbs v. Board of Education,* 126 Neb. 416, 253 N. W. 627. The power of the court is ordinarily based on the existence of a charitable trust or an absolute gift to a

charitable organization. Bogert, Trusts and Trustees, 1291, sec. 432. The *cy pres* doctrine may be defined as meaning " * * * that when a definite function or duty is to be performed, and it cannot be done in exact conformity with the scheme of the person or persons who have provided for it, it must be performed with as close approximation to that scheme as reasonably practicable; * * * ." 14 C. J. S. 512, sec. 52. The doctrine of judicial *cy pres* is in reality a principle of construction based on a judicial finding of the donor's intention as applied to new conditions. But ordinarily the doctrine can only be properly applied in a case where there is a general charitable purpose, since a court of equity will not be permitted by construction to defeat the particular purpose of the donor's narrow charitable trust intent. *Gilman v. Burnett,* 116 Me. 382, 102 Atl. 108. The *cy pres* doctrine therefore has no application in the case at bar.

It is urged that the general demurrer to the petition was properly sustained for the reason that the petition shows the cause was barred by the statute of limitations. The donee of a charitable gift has a reasonable time in which to give effect to the donor's charitable purpose. What constitutes a reasonable time must be determined from all the circumstances affecting and surrounding the gift. *Allebach v. City of Friend, supra.* The statute of limitations does not commence to run until such reasonable time has elapsed. It does not affirmatively appear on the face of the petition whether such reasonable time has elapsed, it being a question to be determined from all the facts and circumstances with reference thereto. We are unable to say, therefore, from a reading of the petition that the statute of limitations bars the action. The demurrer on this ground should have been overruled.

It is urged that the attorney general is a necessary party to the action and that the demurrer on the ground that there was a defect in parties plaintiff was properly sustained. The case before us was filed to obtain a judicial determination that the charitable bequest had failed. We

think the rule was well stated in the English case of *Ware v. Cumberlege*, 20 Beav. 503, wherein the court said: "It is difficult to lay down any general rule, which shall be adapted to every case; there must be a great deal of discretion in these matters. The general principle which regulates them I take to be something of this description:—the attorney general represents all absent charities, and it is sufficient to have him here to represent all absent charities. But absent charities may obviously be of two different characters: they may either be under gifts to specified individual charities, or to charity generally. In case the gift is for charity generally, no one can represent it but the attorney general, and he must be here to represent such general charities. When there are specified individual charities, then the attorney general's presence is not universally necessary; but it is required by the court upon various occasions, as, for instance, where any rules are required for the regulation of the internal conduct of the charity itself, such as the establishment of a scheme and the like; there the attorney general is necessary for the purpose of aiding and assisting the court in directing and sanctioning the general system and principle that ought to govern charities of those descriptions. But there are other cases where there is no question as to the conduct or management of the charities, but only whether the charity is entitled to a particular legacy or not. In those cases, the attorney general is rather in the nature of a trustee for those charities, and the court prefers having before it the charities beneficially interested, for the purpose of putting their interests before the court in the light which they consider most favourable to them. In those cases I think it preferable that the charity itself should appear, rather than that the attorney general should represent it." See, also, Tyssen's Charitable Bequests (2d ed.) 218.

A text-writer in discussing this subject says: "In questions concerning a voluntary and private charitable society, the attorney general is not a necessary party, Anon., 3 Atk. 277. And where a legacy is given to the treasurer,

or other officer of some established charitable institution, to become part of its general funds, the attorney general need not be made a party, *Wellbeloved v. Jones,* 1 Sim. & S. 40. It is otherwise where a legacy to an established charity is upon trusts not corresponding with those upon which its general funds are held, *Corporation of the Sons of the Clergy v. Mose,* 9 Sim. 610; or the charity has no permanent trust, *Wellbeloved v. Jones,* 1 Sim. & S. 40; In b. McAuliffe, (1895) P. 290." Tyssen's Charitable Bequests (2d ed.) 219.

"There can, therefore, be no question but that the attorney general is in any case a proper party in a litigation involving a charitable trust, whether he appears as plaintiff or as defendant. * * * But though he is a proper party in any case, he is not for that reason in all cases a necessary party. 'The public interests must be directly and essentially, rather than remotely and accidentally, involved as to some distinct issue in order to prevent the cause from proceeding to a decision without the presence of the attorney general as a party.'" Zollmann, Charities, 427, 428. It would seem therefore that the attorney general is a necessary party to any action involving a gift or trust with a general charitable purpose, and conversely, if the gift or trust involved only a special charitable purpose, the donee is usually considered the necessary party and the attorney general is not. We conclude that in a suit by heirs of the donor of a gift for a particular charitable purpose, where no general charitable intent is shown, to recover the bequest because of the failure of the purpose, the attorney general is not a necessary party.

It is urged that the heirs of Henry Rohlff have no interest in the bequest and are not therefore proper parties plaintiff. The petition alleges the complete failure of a grant for a particular purpose. If such allegations be established by the evidence, a reverter to the heirs of the donor can be enforced, even in the absence of an express provision to that effect. The applicable rule is: "On the other hand, the fund will revert to the donor's estate or to his

heirs at law even in the absence of an express provision therefor, if it is clear that he had no general charitable purpose in mind but instead contemplated the carrying out of one or more particular purposes which are impossible of fulfillment, as where the beneficiaries have failed to accept it, or where the particular institution he intended to aid no longer exists. Accordingly, in gifts or bequests for specific rather than general charitable purposes, or in charitable bequests to corporations, there may be a possibility of reverter to the heirs of the donor." 14 C. J. S. 535, sec. 67. See, also, 2 Perry, Trusts and Trustees (7th ed.) sec. 726. It necessarily follows that if conditions exist which, if established, would require a reverter to the heirs of the donor, such heirs are proper persons to bring the action to have that question judicially determined. Under such circumstances, the heirs become the beneficiaries of a resulting trust and are entitled to enforce any rights they may have by a proper application to the courts.

We are of the opinion, therefore, that the petition states a cause of action and that the trial court erred in sustaining defendants' demurrer. The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED.